

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
NORTHERN DIVISION

| | | |
|---|---|---|
| **Dexter Knight** | * | *Plaintiff* |
| | * | |
| v. | * | Cause No.: 3:20cv488 |
| | * | DPJ-FKB |
| **Charles Wilson, III;** | * | *Defendants* |
| **Daybreak Express, Inc.;** | * | |
| **John Doe Person(s) 1 – 3; and** | * | |
| **John Doe Entity(ies) 1 – 3** | * | |
| | * | |

## Complaint

Plaintiff Dexter Knight files this complaint against Defendants Charles Wilson III and his employer, Daybreak Express, Inc., for negligent operation of an 18-wheeler that caused an 8-car pileup on I-20 East in which Plaintiff suffered injuries. Because Defendant Wilson was in the scope of his employment with Defendant Daybreak Express, Inc. when he negligently failed to operate his employer's commercial 18-wheeler in a safe, reasonable manner and caused the wreck, both Defendants are liable to Plaintiff for the injuries resulting from this wreck. In support of Plaintiff's prayer to find the Defendants liable for the damages Plaintiff suffered because of Defendants' negligence, Plaintiff would show unto the Court the following:

### Parties

1.     Plaintiff Dexter Knight ("Knight") is an adult resident citizen of Rankin County, currently residing at 129 Knight Road, Pearl, Mississippi 39208.

2.     Defendant Charles Wilson, III ("Wilson") is an adult resident citizen of Essex County, currently residing at 122 Willowdale Ave., Montclair, New Jersey 07042. Wilson was

1

acting within the course and scope of his employment with Daybreak Express, Inc. on the date of the wreck.

3.  Defendant Daybreak Express, Inc. ("Daybreak Express") is incorporated in New Jersey with its principal place of business located at 500 Avenue P., Newark, New Jersey 07105.

4.  John Doe Person(s) are any unknown persons who may have been responsible for or who may have contributed to the negligence alleged herein. They may be added as Defendants when their identities become known.

5.  John Doe Entity(ies) are any unknown companies who may have been responsible for or who may have contributed to the negligence alleged herein. They may be added as Defendants when their identities become known.

## Jurisdiction and Venue

6.  Pursuant to 28 U.S. Code § 1332(a)(1), this Court has jurisdiction over the parties and subject matter as there is both diversity of citizenship and the amount in controversy sought by Plaintiff exceeds the sum of $75,000.

7.  Further, this District is the proper venue under 28 U.S. Code § 1391(a)(1) and (2) because the substantial acts in furtherance of the improper conduct occurred in this District.

## Facts

8.  On July 27, 2018, Knight was driving his white 2008 Chevy 3500 ("Knight's vehicle") in the middle lane of I-20 East's 3-lanes with Bobby Black riding in the front passenger seat. At all times relevant to this Complaint, Knight was operating his vehicle in a safe, reasonable manner and consistent with Mississippi law.

9.     As Knight was slowing his vehicle due to congested traffic conditions, a 2016 Freightliner 18-Wheeler driven by Wilson on behalf of his employer, Daybreak Express ("Defendant's 18-Wheeler"), negligently lost control at a high rate of speed and jackknifed.

10.    At all times relevant to this Complaint, Wilson was operating his 18-Wheeler within the course and scope of his employment with Daybreak Express. Therefore, the negligent actions of their employee, Wilson, are imputed to Daybreak Express through vicarious liability.

11.    After Wilson jackknifed, his 18-Wheeler first plowed through two other vehicles, the second of which was a 2003 Chevy Tahoe driven by Nia Sinkler ("Sinkler's vehicle"). Defendant's 18-Wheeler struck with such force that it caused Sinkler's vehicle to rear-end Knight's vehicle, as well as another vehicle.

12.    As a direct and proximate result of Defendants' negligence, Knight suffered multiple injuries and other damages from the resulting 8-car collision for which he seeks relief.

## Negligence

13.    Both Wilson and his employer, Daybreak Express, owed Knight the following duties:

    (a)    The duty to obey all traffic signs and signals;

    (b)    The duty to have kept such lookout as an ordinary and prudent person would have kept for his or her safety and the safety of other persons under the road conditions existing immediately before and at the time and place of said collision;

    (c)    The duty to be mindful of his surroundings and maintain proper control of his vehicle at all times to avoid injuring others or damaging their property;

    (d)    The duty to maintain a reasonably safe speed and distance from other drivers to allow him to harmlessly stop his vehicle without causing a collision;

(e) The duty to make a reasonable effort to operate his vehicle in a manner that would not cause injury to other motorists; and

(f) The duty to not operate his vehicle in a reckless, careless manner.

14. Defendants breached not one, but *all* of these duties when Daybreak Express's employee, Wilson, operated his 18-wheeler in an unlawful, dangerous, reckless and careless manner during the course and scope of his employment. For example, not only did Wilson fail to keep proper control of his 18-Wheeler and maintain a safe speed and distance from other vehicles, but failed to keep a proper lookout and to be mindful of his surroundings in congested traffic conditions. As a foreseeable result of Wilson's negligence that led to the collision, Defendants directly and proximately caused Knight's injuries and resulting damages.

## Damages

15. As a direct and proximate result of Defendants' breached duties, Knight suffered damages through no fault of his own including, but not limited to, the following:

(a) Past, present and future physical pain and suffering;

(b) Emotional and mental suffering both past, present and future;

(c) Hospital bills, doctor bills, prescription drug bills and other medical and medical-related expenses which have been incurred and which will continue to be incurred in the future;

(d) Temporary and permanent physical impairment and disability;

(e) Lost wages and lost opportunity; and

(f) Loss of enjoyment of life.

## Jury Demand

16. Plaintiff seeks a trial by jury of all issues in this case.

## Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully demands a judgment against Defendants in an amount within the jurisdictional limits of this Court to be determined at the trial of this cause plus interest from the date of the filing of the original Complaint and all costs and fees of this action, as well as any other relief this Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 24 day of July, 2020.

**Dexter Knight**

By: _____
Clayton Gestes (MSB# 105012)
Attorney for Plaintiff

**Of Counsel:**
Clayton Gestes (MSB# 105012)
Schwartz & Associates, P.A.
162 East Amite Street
Post Office Box 3949
Jackson, Mississippi 39207
Telephone: 601-988-8888
Facsimile: 601-949-7929
cgestes@1call.org